**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION AT KNOXVILLE**
-------------------------------------------------------------------

**FILED**

**August 26, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

IN RE:  ESTATE OF LOWELL KENNETH REED, deceased

| | |
|---|---|
| ROSIE LEE CLARK REED, | ) |
| | ) BLOUNT PROBATE |
| Surviving spouse/Appellant | ) |
| | ) No.  03A01-9602-PB-00045 |
| v. | ) |
| | ) |
| GINGER REED and DAVID REED | ) |
| | ) AFFIRMED |
| Defendant/Appellee | ) |


Duncan V. Crawford, Maryville, For the Appellant

Robert N. Goddard, Maryville, For the Appellee


**O P I N I O N**


INMAN, Senior Judge


The issue on appeal is whether or not the surviving spouse and sole beneficiary of her deceased husband's will was entitled to an extension of time within which to elect to take an elective share of her husband's estate pursuant to T.C.A. § 31-4-101(a)(2).  The trial judge denied the motion, the propriety of which is presented for review.

Lowell Kenneth Reed died testate in Blount County in June 1993.  He named the appellant, his wife Rosie Lee Clark Reed, as the sole beneficiary and executrix of his will.  He was survived by three adult children by a former marriage:  Bobby Reed, Ginger Reed and David Reed.  His former wife, Carolyn Margaret W. Reed, was the mother of the three surviving children, and she and Mr. Reed were divorced in 1978.  The judgment incorporated a property settlement agreement between the parties which provided the husband would keep in force all insurance policies on his

life with his wife and children as beneficiaries but, if his wife should remarry, her name would be removed from the policies, and the children would be designated as the beneficiaries, to share equally. The former wife remarried, and she was removed as a beneficiary of the policy. Mr. Reed also remarried and unilaterally changed the beneficiaries of the insurance policy to his new wife, appellant Rosie Lee Clark Reed, and his oldest son, Bobby Reed.

After Mr. Reed's death, the proceeds of the policy, $160,000, were paid to Rosie Lee Clark Reed, the widow, and Bobby Reed, the oldest son.

The will of Mr. Reed was admitted to probate in August 1993 and the appellant, Rosie Lee Clark Reed, entered upon her duties as executrix of the estate. As previously noted, she was also the sole beneficiary.

In January 1994, two children of Mr. Reed, Ginger Reed and David Reed, who initially were beneficiaries of the insurance policy but were removed when their father changed beneficiaries to his new wife, Rosie Lee, and oldest son, Bobby, filed a claim against the estate for the proceeds of the insurance policy or, alternatively, for a judgment against the estate.

The executrix excepted to the claim, which was in course sustained, and a judgment was entered on February 3, 1995 against the executrix for $107,840,00 representing two-thirds of the proceeds of the life insurance policy.

The appellant filed a motion on March 22, 1995, for an extension of time within which to make an election to take an elective share or to take under the will.

T.C.A. § 31-4-102(a)(1) and (2) provide:

**31-4-102. Proceeding for elective share -- Time limit. --** (a)(1) The surviving spouse may elect to take such spouse's elective share in decedent's property by filing in the court and mailing or delivering to the personal representative, if any, a petition for the elective share within nine (9) months after the date of death, or within six (6) months after the appointment of the personal representative, whichever limitation last expires.
  (2) When the title of the surviving spouse to property devised or bequeathed by the will is involved in litigation pending so that an election to dissent cannot be advisedly made, the survivor shall have an additional year from the date of the probate of the will within which to elect, provided, that the court may upon a proper showing further extend the time to meet the

exigency of litigation, not concluded, and, that application for allowance of additional time, in either case, be made to the court, for record of its action thereon.

The chronology of events governing the disposition of this motion are: the date of death of the decedent, June 27, 1993; the date of appointment of a personal representative, August 24, 1993; the date of the filing of the motion, March 22, 1995.

Under the plain language of the first paragraph of T.C.A. § 31-4-102, the election to take an elective share must be made within nine (9) months after the date of death or within six (6) months after the appointment of a personal representative, "whichever limitation last expires." If this statute controls, the time within which to make the election expired March 27, 1994.

As we have shown, the succeeding statute allows the surviving spouse an "additional year from the date of the probate of the will" within which to make the election if the "title of the surviving spouse to property devised or bequeathed by the will is involved in litigation pending so that an election to dissent cannot be advisedly made."

Claims were filed against the estate, but it does not appear that the title to the property devised to the appellant was in litigation. The parties apparently assumed that the mere filing of claims constituted litigation of the title, thus implicating the second paragraph of T.C.A. § 31-4-102 but, as to this, we make no decision since the issue is not before us.

The appellee argues that the motion comes too late, because it was not filed within a year from the date of the probate of the will. The appellant argues that the second paragraph "contains no requirement that the application for additional time must be made within the first additional year." She essentially argues that until all claims have been finally adjudicated no intelligent decision can be made as to whether to dissent or take under the will, and a motion to extend may therefore be

made at any time before the claims are finally adjudicated pursuant to the "exigency of litigation" provision.

Whatever the equitable appeal of this argument, its clear effect would abrogate the delimiting periods of the statute, and we think any further "liberalization of the statute is properly a legislative prerogative." *See Doe v. Coffee County Bd. of Educ.*, 852 S.W.2d 899, 905 (Tenn. App. 1992).

The record reveals no compelling equities favorable to the appellant. The claim by the decedent's children for two-thirds of the insurance proceeds was filed February 7, 1994, which was well within the time permitted to make the election. Allowance of the claim would trigger insolvency, and we cannot conceive of a greater motivating force to make the election; moreover, the high probability of the allowance of the claim was patent.

We think the request for an enlargement of time came too late since it was not filed "before the expiration of the period originally prescribed . . . ." TENN. R. CIV. P. 6.02.

The judgment is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

Concur:


_____
Don T. McMurray, Judge


_____
Herschel P. Franks, Judge